IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 11-CV-01789-WYD-KLM

BUYERS OF THE RITZ-CARLTON VAIL, LLC, a New Jersey limited liability company

    Plaintiff,

v.

RCR VAIL, a Colorado limited liability company
MATT FITZGERALD, an individual
SLIFER SMITH & FRAMPTON – VAIL ASSOCIATES REAL ESTATE, LLC, a Delaware limited liability company.

Defendants.

---

## PROPOSED AMENDED STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIALITY

---

This matter comes before the Court on the Parties' Joint Motion for Entry of Amended Stipulated Protective Order Concerning Confidentiality. Having reviewed the matter, and good cause being shown, the Court ORDERS pursuant to F.R.C.P. 26(c) as follows:

### DEFINITIONS

1.     "Confidential Information" is defined as any material designated "Confidential" or "Confidential-Counsel Only" which may include but is not limited to material so designated or appearing in: (1) "documents"; (2) "discovery responses"; (3) pleadings; or (4) "testimony." "Documents" include all writings, recordings, photographs or other tangible items, including originals and all copies thereof, in whatever form maintained or produced. "Discovery responses" include "documents" produced in response to Requests for Production, or by agreement of the Parties, responses to Interrogatories, and responses to Requests for Admission.

1

"Testimony" includes all testimony given under oath in this proceeding, all transcripts, recordings or videotapes thereof, and all "documents" referred to therein.

2. A "Designating Party" is the Party who designates material as "Confidential" or "Confidential—Counsel Only."

3. A "Disclosing Party" is any Party or person who discloses, in any manner whatsoever, any "Confidential Information."

4. The "Amended Nondisclosure Agreement" is attached hereto as Exhibit "A."

5. The "Court" refers to the undersigned Court governing this proceeding.

6. "Permitted Persons" include all "Counsel-Only Permitted Persons" and:

    a. a witness who is an employee of a Designating Party, when he/she is to be questioned regarding information the "Designating Party" has designated as "Confidential" from the Designating Party,

    b. the Parties and officers and employees of the Parties to this litigation, to the extent reasonably necessary for the evaluation and prosecution or defense of claims in this litigation and/or in conjunction with an audit conducted by or on behalf of Plaintiff or a Defendant herein.

7. "Counsel-Only Permitted Persons" are:

    a. named counsel of record for the Parties to this litigation, partners, and shareholders and employees of counsel of record and their firms who are assisting in prosecution or defense of this litigation;

    b. expert witnesses or consultants and their employees who are assisting them, who have been engaged by counsel for a Party to assist in prosecution or defense of this action, to the extent reasonably necessary for the evaluation and prosecution or defense

of claims in this litigation, each of whom shall be required to sign the Amended Nondisclosure Agreement prior to any disclosure;

c. court reporters;

d. a mediator selected or agreed-upon by the Parties;

e. the Court and its staff, under such safeguards as the Court may direct;

f. in-house attorneys and/or insurer representatives for a Party who are actively working on this action; or

g. senders or recipients of the original document who are specified on the face of the document if, in the reasonable and good faith belief of the Party's counsel, it is necessary for legitimate discovery or litigation purposes.

8. "Disclosure," "disclose," "disclosed" and "disclosing" mean disclosure in any way or manner, including but not limited to allowing any review of "Confidential Information" by persons not authorized by this Order to review it, or by verbally or in any written form either directly or indirectly communicating the content or substance of any "Confidential Information" to persons not authorized by this Order to review it.

## SCOPE OF ORDER

Except as otherwise ordered by the Court, this Order shall apply to all "Confidential Information."

9. "Confidential Information" must be used solely and exclusively for purposes of this case, and then only in accord with the provisions of this Order unless otherwise ordered by a Court. Such information may not be used in or for other cases, proceedings or disputes, or for any commercial, business, competitive or any other purpose unless pursuant to Court order.

10. Nothing in this Order shall be deemed to restrict in any way the use of any document or other information that is lawfully obtained by or publicly and unconditionally available to a Party independent of discovery in this litigation.

## PROCEDURE FOR DESIGNATING "CONFIDENTIAL INFORMATION"

11. Any Party may designate information provided by that Party as "Confidential" or "Confidential—Counsel Only" under the following conditions:

> a. Material may be designated "Confidential" when a Party reasonably and in good faith believes that it contains financial, proprietary, technical, commercial or competitively sensitive information or trade secrets, the disclosure of which there is a good faith reasonable belief would harm the competitive position or business interests of the Designating Party, including, but not limited to, information which is not known to the general public and/or the Designating Party's competitors in the industry, and which gives the Designating Party a competitive advantage.
>
> b. Material may also be designated "Confidential" when it contains personal information which is of a nature which, if disclosed, could invade the legitimate privacy interests of the person to whom the document pertains.
>
> c. Material may also be designated "Confidential—Counsel Only," if it is "Confidential" and the Designating Party reasonably and in good faith believes it is highly sensitive for business or commercial reasons, or that disclosure would do damage either to the Designating Party's confidential business interests or to a third party's confidential business interests, or result in a competitive advantage to any person or a competitive disadvantage to the Designating Party.

12. The designation may be done by any of the following methods:

a.  "Confidential Information" contained in a "document," a "discovery response" or a pleading may be designated as such by stamping or otherwise marking the page of the "document," "discovery response" or pleading containing the "Confidential Information" with a "Confidential" or "Confidential—Counsel Only" notation.

b.  "Confidential Information" revealed in a deposition, trial or other testimony, whether by way of question, answer or exhibit, may be designated "Confidential" or "Confidential—Counsel Only" by either noting the claim of confidentiality pursuant to this Order on the record at the time of the testimony, or by making such a claim within ten (10) days of receipt of the transcript by the deponent/witness, by designating in writing which portions of the transcript and/or accompanying exhibits are "Confidential" or "Confidential—Counsel Only." All transcripts shall be treated as if they contain "Confidential Information" until at least ten (10) days after receipt of the transcript by the deponent/witness.

c.  For information produced in any other form, including for any other tangible items, the materials to be designated shall be marked prominently on the exterior of the container(s) containing the "Confidential Information" with a "Confidential" or "Confidential—Counsel Only" notation.

13. Any portions of pleadings or other documents containing "Confidential Information" or reproductions, summaries, or paraphrases of "Confidential Information" which are filed with the Court shall be labeled "Confidential" or "Confidential—Counsel Only" and shall be filed under seal or other procedure designated by Court Order.

14. A copy of each signed Amended Nondisclosure Agreement must be maintained by counsel of any Disclosing Party, and copies of the Amended Nondisclosure Agreements shall be

forwarded to the Designating Party's counsel upon request, except as to Amended Nondisclosure Agreements signed by purely consulting experts. Amended Nondisclosure Agreements signed by purely consulting experts shall be maintained by any Disclosing Party securing their signature on the Amended Nondisclosure Agreement.

15. The "Confidential Information" may be used at any litigation proceeding or at trial, subject to any evidentiary or other appropriate objections, and any additional Protective Orders which the Court may enter.

16. "Confidential Information" which is inadvertently disclosed may subsequently be designated as "Confidential" or "Confidential—Counsel Only" by notifying counsel for the Party to whom the material was disclosed, in writing, of the inadvertent nature of the disclosure. Such material shall be treated as "Confidential Information" subsequent to the notification of the inadvertent disclosure.

## PROCEDURE FOR CHALLENGING DESIGNATION OF "CONFIDENTIAL INFORMATION"

17. Any party who wishes to challenge another Party's designation of information as "Confidential" or "Confidential—Counsel Only" shall proceed as follows:

    a. Counsel shall confer in a good faith effort to resolve any disagreement as to the use or designation of information as "Confidential" or "Confidential—Counsel Only";

    b. If the conference fails, the challenging Party may make an appropriate motion pursuant to MJ Mix's discovery procedures with the Court which identifies by category and/or document number (Bates-label) the information as to which relief is sought; [KLM]

    c. Until the motion is ruled upon by the Court, any designation of "Confidential" or "Confidential—Counsel Only" shall remain in full force and effect and the information so designated shall be treated as "Confidential Information" in accord with this Order.

18. A failure to challenge the propriety of a designation of "Confidential" or "Confidential—Counsel Only" at the time the designation is made shall not preclude or detract from a subsequent challenge.

**PROCEDURE FOR DISCLOSURE AND USE OF "CONFIDENTIAL INFORMATION"**

19. Except with the prior written consent of the Designating Party, material designated as "Confidential" may not be disclosed in any way, except to the "Permitted Persons."

20. Except with the prior written consent of the Designating Party, material designated as "Confidential—Counsel Only" may not be disclosed in any way, except to the "Counsel-Only Permitted Persons."

21. It is the responsibility of counsel for each party to maintain material designated as "Confidential" obtained from any Designating Party in a secure manner, so as to allow access only to "Permitted Persons," and in the case of "Confidential—Counsel Only" material, so as to allow access only to "Counsel-Only Permitted Persons."

23. All "Confidential Information" that is submitted to the Court or used in any proceeding before the Court shall remain subject to this Order. A party desiring to use information designated as "Confidential" or "Confidential—Counsel Only" in any proceeding before the Court in a fashion that would reveal its contents to non-Permitted Persons in the case of information designated as "Confidential," or to non-"Counsel-Only Permitted Persons," in the case of information designated as "Confidential—Counsel Only," shall provide the Designating Party with at least ten (10) days' notice of that intent, to enable the Designating Party to seek any additional protection that it may desire.

## MISCELLANEOUS

24. Nothing in this Order shall be interpreted as limiting a Party's obligation to produce discoverable information. This Order is intended to permit production of information, and is without prejudice to the right of any Party to apply to the Court for any further order of protection which it believes necessary or to object on any appropriate grounds to any discovery requests.

25. The inadvertent or unintentional disclosure of "Confidential Information" shall not be construed as a waiver of the Disclosing Party's claim of confidentiality as to the specific information disclosed or as to any related information.

26. Designation of any information as "Confidential" or "Confidential—Counsel Only" shall have no effect with respect to any substantive or evidentiary issues in this proceeding, and the designation or attempt to designate any information as "Confidential" or "Confidential—Counsel Only" shall not be admitted in evidence in this proceeding.

27. The Parties may by written stipulation provide for exceptions to this Order.

28. Nothing in this Order shall preclude a Party from seeking modification of this Order.

29. Neither the termination of this litigation nor the termination of employment of any person who had access to any "Confidential Information" shall relieve any person from the obligation to adhere to the restrictions on use of "Confidential Information" set forth in this Order and the Amended Nondisclosure Agreement.

## PROCEDURE AFTER RESOLUTION

30. Within sixty (60) days after the conclusion of this matter (including any appellate proceedings), all "Confidential Information," including all copies made of same, except as specified below, shall be destroyed by the recipient or returned to the Designating Party, at the

election of the Designating Party; provided however that counsel for each Party may retain one copy of the Confidential Information for the sole purpose of maintaining a complete file. All notes, drafts, memoranda, documents, work papers and other materials prepared by attorneys or experts that contain or reflect the content of any "Confidential Information" may be destroyed or retained by the attorneys or the experts, but if retained must be treated in accord with this Order.

31. The provisions of this Order shall remain in full force and effect after the entry of final judgment in this case (including any appellate proceedings).

32. The Court may retain jurisdiction, both before and after entry of final award in this case, to construe, enforce and amend the provisions of this Order.

## ENFORCEMENT

33. Except as otherwise provided herein, all parties and persons to whom "Confidential Information" is disclosed are enjoined from using "Confidential Information," except in conjunction with prosecution of claims or defenses in this litigation, and are further enjoined from disclosing "Confidential Information" to any other person, except in accord with the provisions of this Order.

34. Breach of the provisions of this Protective Order shall be subject to sanctions as authorized by statute, rule and the inherent power of the Court.

SIGNED this the 12th day of December, 2012.

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO